IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:26-CR-3-KAC-DCP |
| | ) | |
| CHARLES JORDAN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned on Defendant Charles Jordan's Pro Se Motion to Appoint New Counsel [Doc. 246], filed on July 2, 2026.[1] *See* 28 U.S.C. § 636(b). The parties appeared for a hearing on this motion on July 15, 2026. Assistant United States Attorney Keith Hollingshead-Cook ("AUSA Cook") represented the Government. Attorney Russell T. Greene ("Attorney Greene") appeared with Defendant Jordan, who was also present. CJA Attorney Casey Sears ("Attorney Sears") was also present at the Court's request.

The Court appointed Attorney Greene to represent Defendant at his initial appearance and arraignment on January 15, 2026 [Doc. 2]. On July 2, 2026, Defendant filed a Pro Se Motion to Appoint New Counsel [Doc. 246] now before the Court. In the motion, Defendant states that there has been a breakdown in communication with Attorney Greene and claims that he has failed to communicate with Defendant throughout this process [*Id.* at 1]. Defendant contends that Attorney Greene has totally disregarded his thoughts about the charges against him, and that Attorney

---

[1] While the Court scheduled a hearing on this matter given the current posture of the case, the Court reminds Defendant that the Local Rules of this Court prohibit a defendant from filing motions in his own behalf, when represented by counsel. *See* E.D. Tenn. L.R. 83.5(c).

Greene has not responded to the several letters Defendant has written him [*Id.*]. Further, Defendant represents that he feels that Attorney Greene has not been honest about how prosecutors resolve cases [*Id.* at 2].

At the motion hearing, the Government confirmed that it had no position on the motion. The Court also conducted a sealed, *ex parte* portion of the hearing to learn more about the nature and extent of the problems with the attorney-client relationship. Without going into the confidential nature of that discussion, the Court notes that it made inquiry of both Attorney Greene and Defendant concerning the deterioration of the relationship and that based on their respective representations, the Court is reasonably satisfied that there are sufficient grounds to warrant substitution of counsel based on a strained attorney-client relationship, which is suffering from a breakdown of communication and trust that has compromised beyond repair Attorney Greene's ability to continue to defend Defendant Jordan and to render effective assistance of counsel.[2] Accordingly, the Court finds that good cause exists to substitute new counsel under the particular circumstances of this case.

Therefore, Defendant Charles Jordan's Pro Se Motion to Appoint New Counsel [**Doc. 246**] is **GRANTED**. *See Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985) (requiring defendant to show good cause for the substitution of counsel). Attorney Greene is relieved as counsel of record for Defendant Jordan and Attorney Greene is **DIRECTED** to provide new counsel with discovery and the information from Defendant's file. The Court recognizes the need for Defendant to be represented continuously by counsel. Attorney Sears was present at the hearing and agreed to accept representation of Defendant Jordan. The Court **SUBSTITUTES** and **APPOINTS** Attorney

---

[2] The Court makes no finding that Attorney Greene has rendered ineffective assistance of counsel—only that his ability to render effective assistance is compromised due to the breakdown in communication and trust.

Sears under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, as counsel of record for Defendant Jordan.

Accordingly, it is **ORDERED**:

(1) Defendant Charles Jordan's Pro Se Motion to Appoint New Counsel [**Doc. 246**] is **GRANTED**;

(2) Attorney Russell Greene is **RELIEVED** of his representation of Defendant Jordan, and he is **DIRECTED** to provide new counsel with the discovery and information from Defendant's file; and

(3) Attorney Casey Sears is **SUBSTITUTED** and **APPOINTED** as Defendant Jordan's counsel of record under the CJA.

**IT IS SO ORDERED.**

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge

3